J-S15021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IAN JOHNSON | |
| Appellant | No. 1506 MDA 2014 |

Appeal from the Judgment of Sentence of August 12, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.: CP-35-CR-0000605-2014
CP-35-CR-0000697-2014

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED APRIL 10, 2015**

Ian Johnson appeals his judgment of sentence, which was entered on August 12, 2014.  Johnson's counsel has filed a petition to withdraw as counsel, together with an "***Anders*** brief."  We find that Johnson's counsel has satisfied the ***Anders/Santiago***[1] requirements, and we agree with counsel that Johnson has no meritorious issues to pursue on appeal.  Consequently, we grant counsel's petition to withdraw as counsel, and we affirm Johnson's judgment of sentence.

---

[1]   ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  In ***Santiago***, our Supreme Court developed certain rules to ensure compliance with the principles underlying the ***Anders*** decision.

This case involves the imposition of various sentences for crimes resulting from two separate incidents. The first incident, docketed at 697-2014, occurred on October 17, 2013, when the Lackawanna County Police Department dispatched Officer Edward Sparrow and Officer Robert Hopkins to 68 Seventh Avenue in Carbondale, Pennsylvania, on a report of a drunk and disorderly male. Upon their arrival, the officers encountered Thomas Brown, who stated that his roommate, Johnson, appeared drunk and started to become argumentative and aggressive towards Brown. While both officers spoke to Brown, Officer Sparrow noticed Johnson walking away from the residence through an empty parking lot on Seventh Avenue. At that time, Officer Sparrow identified himself as a Carbondale Police Officer and ordered Johnson to stop. Johnson ignored this request and began to run away. Officer Sparrow chased Johnson down Seventh Avenue. During this foot pursuit, Johnson fell, allowing Officer Sparrow to apprehend him. Upon apprehension, Johnson resisted arrest. Once in custody at the police station, the officers shackled Johnson to the holding bench because he refused to stay seated. After some time, Johnson removed the shackle and exited the police station through the back door. Thereafter, officers noticed Johnson crossing Main Street and immediately apprehended him. On March 15,

2014, Johnson was charged with escape,[2] resisting arrest,[3] public drunkenness,[4] harassment,[5] and two counts of disorderly conduct.[6]

The second incident, docketed at 605-2014, occurred on March 15, 2014, when Johnson struck his girlfriend in the face. When officers arrived at the scene, Johnson became very aggressive and resisted arrest. After officers apprehended him, they took Johnson back to the police station where he continued to act disorderly. On March 18, 2014, Johnson was charged with resisting arrest, disorderly conduct, harassment, simple assault[7] and criminal mischief.[8]

On May 9, 2014, in a consolidated proceeding, Johnson pleaded guilty to resisting arrest, criminal mischief, and escape. On August 12, 2014, Johnson was sentenced to consecutive sentences of four to twenty-four months' incarceration on the resisting arrest charge, eleven to twenty-four months' incarceration on the escape charge, and forty-five to ninety days'

_____

[2]     18 Pa.C.S. § 5121(a).

[3]     18 Pa.C.S. § 5104.

[4]     18 Pa.C.S. § 5505.

[5]     18 Pa.C.S. § 2709(a)(3).

[6]     18 Pa.C.S. §§ 5503(a)(1); 5503(a)(4).

[7]     18 Pa.C.S. § 2701(a)(1).

[8]     18 Pa.C.S. § 3304(a)(1).

incarceration on the criminal mischief charge. *See* Sentencing Order, 8/12/2014. On August 18, 2014, Johnson filed a motion for reconsideration of sentence, which the trial court denied on August 20, 2014.

On September 4, 2014, Johnson filed a timely notice of appeal. On September 10, 2014, the trial court ordered Johnson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 24, 2014, Johnson filed a timely statement.

Before this Court, Johnson raises only one issue: "Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?" *See* Brief for Johnson at 4.

Because counsel for Johnson proceeds pursuant to *Anders* and *Santiago*, we first must pass upon counsel's petition to withdraw before reviewing the merits of the sentencing issue presented by Johnson. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. Pursuant thereto, the brief must provide the following information:

(1) a summary of the procedural history and facts, with citations to the record;
(2) reference to anything in the record that counsel believes arguably supports the appeal;
(3) counsel's conclusion that the appeal is frivolous; and
(4) counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to her client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of her obligations, she must attach to her petition to withdraw as counsel the letter that she transmitted to her client. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief demonstrates that counsel has complied substantially with *Santiago's* requirements. Counsel has provided a procedural history detailing the events relevant to this appeal with appropriate citations to the record. *See Anders* Brief for Johnson at 5-6. Counsel also has articulated Johnson's position and has analyzed the information presented to the sentencing court in favor of Johnson's appeal with appropriate citations to the record and case law. Ultimately, counsel has concluded that Johnson has no non-frivolous basis for challenging his sentence because the trial court sentenced him within the statutory limits for the underlying convictions and because there was no evidence of an abuse of discretion. *Id.* at 7.

Counsel also has sent Johnson a letter informing him that she has identified no meritorious issues to pursue on appeal; that counsel has filed an application to withdraw from Johnson's representation; and that Johnson may find new counsel or proceed *pro se*. Counsel has attached the letter to her petition to withdraw, as is required by **Millisock**. **See** Petition to Withdraw as Counsel, 12/11/2014. Accordingly, counsel has complied substantially with **Anders**' technical requirements. **See Millisock**, 873 A.2d at 751.

We now must conduct an independent review of the record to determine whether this appeal is, as counsel claims, wholly frivolous, or if any meritorious issues may remain. **Santiago**, 978 A.2d at 355 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw . . . .").

We now turn to the lone potential appealable issue identified by **Anders** counsel: "Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?" **Anders** Brief for Johnson at 4. Johnson's claim presents a challenge to the discretionary aspects of sentencing. **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). To obtain review of the merits of a challenge to the

discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his or her brief.[9]  Therein, "the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274.  A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis in **Goggins**).

_____

[9]  In pertinent part, Rule 2119 provides as follows:

(f)  Discretionary aspects of sentence.  An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  The statement shall immediately precede the argument of the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

The Rule 2119(f) statement enables this Court to determine whether the appellant has raised a substantial question. *Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa. Super. 2004). In the instant case, counsel for Johnson has included in her brief a statement of reasons relied upon in support of the request for appeal, as required by Rule 2119(f). *See Anders* Brief for Johnson at 9-10. Accordingly, we will review the statement to determine whether Johnson has raised a substantial question as to the discretionary aspects of his sentences.

In her Rule 2119(f) statement, counsel for Johnson argues that the trial court "failed to succinctly state on the record the reasons why it believed that [Johnson] warranted such [a] long sentence for the escape charge as required by 42 Pa.C.S. § 9721(b) and 204 Pa. Code §303.13(c)." This Court previously has held that a trial court's failure to state on the record the reasons for imposing a sentence raises a substantial question. *See Commonwealth v. Simpson*, 829 A.2d 334, 338 (2003). Accordingly, counsel for Johnson has raised a substantial question in his Rule 2119(f) statement, and we now review the merits of his sentencing claim.

Although the substantial question addresses the trial court's failure to state on the record its reasons for imposing the sentences, counsel initially argues that "the sentences imposed were inappropriately harsh and excessive." *See Anders* Brief for Johnson at 10. However, counsel for Johnson only provides the applicable governing law pertaining to excessiveness claims and fails to develop her argument in a meaningful way.

- 8 -

"The failure to develop an adequate argument in an appellate brief may also result in waiver of the claim." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (quoting *Commonwealth v. Gonzalez*, 608 A.2d 528, 531 (Pa. Super. 1992)). Furthermore, counsel's excessiveness claim does not fall within the parameters of her substantial question, which concerns only the trial court's failure to state on the record its reasons for sentencing.

Nonetheless, even if the issue was not waived, it lacks sufficient merit to warrant any form of relief. Each of the sentences imposed were within the standard range of the sentencing guidelines. *See Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014) (holding that sentences within standard range not an abuse of discretion). Additionally, the trial court reviewed the presentence investigation report that was prepared in anticipation of Johnson's sentencing. *Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006) (noting that, when a trial court receives a presentence investigation report, we presume that the court adequately considered relevant mitigating and aggravating factors). Furthermore, the decision to run the sentences consecutively to each other was reasonable in light of the fact that Johnson had committed the crimes to which he pleaded guilty on two separate occasions. *See Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (holding that consecutive sentences were not excessive for crimes occurring on different dates and that appellant is not entitled to a "volume discount.") Thus, we discern nothing in the record to

indicate that the trial court's sentence was unduly harsh or excessive, or that the trial court abused its discretion in this regard.

Next, counsel argues on behalf of Johnson that "the [trial court] abused its discretion when it failed to state on the record the reason for the sentences imposed." **See Anders** Brief for Johnson at 13. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super 2013) (quoting **Commonwealth v. Kittrell**, 19 A.3d 532, 538 (Pa. Super. 2011)). Although counsel provides a Rule 2119(f) statement addressing the trial court's failure to state on the record its reason for sentencing, she did not raise this issue at his sentencing hearing or in his post-sentence motion. **See** Notes of Testimony ("N.T."), 8/12/2014, at 2-4; **see also** Motion for Reconsideration of Sentence ("M.R.S."), 8/18/2014, at 1-2. Counsel for Johnson only asserted in her post-sentence motion that "the sentence imposed is excessive and harsh." M.R.S., 8/18/2014, at 2-4. Although we find that counsel has raised a substantial question in his Rule 2119(f) statement, Johnson's issue is waived for failing to preserve it at his sentencing hearing or in his post-sentence motion. **Cartrette**, 83 A.3d at 1042. Consequently, we agree with counsel that the issue is frivolous, albeit for different reasons.

After reviewing counsel's ***Anders/Santiago*** brief carefully, we find that it complies with the technical requirements imposed by those precedents. We further find that counsel has taken all steps necessary to ensure that her client's interests are protected. We also have conducted an independent review of the record. Pursuant thereto, we have concluded that counsel's characterization and analysis of the record is accurate, and that no non-frivolous challenge to Johnson's judgment of sentence will lie. Moreover, our review has revealed no other non-frivolous issues that merit consideration on appeal. Accordingly, we affirm Johnson's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015